Ruffin, C. J.
 

 It was proper enough to receive the evidence that Justice was the surety of Gilreath, so as to give the surety the benefit of the Act of 1826, by having the property of the principal seized and sold before that of the surety. But the evidence was competent to no other purpose ; and all the other evidence was properly rejected. The Courts of this State have steadfastly refused, for a great many years back, to look, upon any equitable principles, to the interests, rights, or duties, of any persons but the parties of record. If the rights of one of the parties, or against one of them, depend on equities, it has been thought safest and' most legal to' leave those persons to their redress in the Court of Equity ; in which the redress will be duly and by a regular proceeding administered.
 
 Jones
 
 v.
 
 Blackledge, 2
 
 No. Car. Law Rep. 457. For that reason, Brown’s note was not a set-off in this action.
 

 But, if Brown had been the endorsee of this bond, and as such the plaintiff in this action, his promissary note to Gilreath, one of the defendants, would not be a set-off.
 
 State Bank
 
 v.
 
 Armstrong,
 
 4 Dev. 519. How can it be told, that Brown has not a separate demand against Gil-reath, which he has held up to counterbalance his own note to him; and which, possibly, he might lose if Gil-reath, instead of settling those separate debts against each other, were at liberty to use the notes to himself in bar of this joint action against him and Justice. The case does not come within the description of the statute, namely, where there are mutual debts subsisting between the parties of the action.
 

 Pee Curiam. J udgment affirmed. ,